# Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

|  |  |
|---|---|
| Ronald Farrise,<br><br>      Plaintiff,<br><br>      v.<br><br>Citibank, N.A. and Trans Union, LLC,<br><br>      Defendants. | Index No.:<br>Date Purchased:<br><br>**SUMMONS**<br><br>**Basis of Venue:**<br><br> **CPLR §509:** Venue designated by Plaintiff.<br> **CPLR §503(a):** Plaintiff's principal place of residence |

**TO THE ABOVE-NAMED DEFENDANT(S):**

  **YOU ARE HEREBY SUMMONED**, to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on Plaintiff's Attorneys within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York).

  **YOU ARE HEREBY NOTIFIED THAT**, should you fail to answer, a judgment will be entered against you by default for the relief demanded in the complaint.

Dated: Uniondale, New York
    June 11, 2024

**Defendants Addresses:**

Citibank, N.A.
701 East 60th Street North
Sioux Falls, South Dakota 57104

Trans Union LLC
555 W. Adams Street
Chicago, IL 60661
Registered Agent:
The Prentice-Hall Corporation System
80 State Street, Albany NY 12207

**SANDERS LAW GROUP**

By: */s Alain Cesar*
Alain Cesar, Esq.
333 Earle Ovington Boulevard, Suite 402
Uniondale, New York 11553
Email: acesar@sanderslaw.group
Office: (516) 203-7600
Direct: (516) 203-7612
Fax: (516) 282-7878
*Attorneys for Plaintiff*
Our File No.: 129878

1

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF SUFFOLK**

| | |
|---|---|
| Ronald Farrise, | Index No: |
| Plaintiff, | **COMPLAINT** |
| v. | |
| Citibank, N.A. and Trans Union, LLC, | |
| Defendants. | |

Plaintiff Ronald Farrise ("*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Citibank, N.A. ("*Citibank*" or *"Furnisher Defendant"*) and Trans Union, LLC ("*Trans Union*" or "*CRA Defendant*") (Furnisher Defendant and CRA Defendant may be hereinafter collectively referred to as "*Defendants*") as follows:

## INTRODUCTION

1.      This action seeks to recover for violations of the Fair Credit Reporting Act (the "*FCRA*"), 15 U.S.C. § 1681 *et seq.* and the New York Fair Credit Reporting Act, NY CLS General Business Law Section § 380 *et seq.* ("*NY FCRA*").

2.      This action seeks relief against CRA Defendant for reporting inaccurate and/or misleading information on Plaintiff's credit report in violation of § 1681e(b); and for CRA Defendant's failure to conduct a reasonable investigation into Plaintiff's disputes in violation of § 1681i(a).

3.      This action also seeks relief against CRA Defendant pursuant to NY FCRA § 380-F for failing to comply with the proper procedures for resolving disputes after a consumer disputes an item and failing to promptly remove inaccurate and/or misleading information.

4.      This action seeks relief against Furnisher Defendant for violations of the Fair Credit Reporting Act under 15 U.S.C. § 1681s-2(b), for its failure to conduct a reasonable and/or good faith investigation into Plaintiff's notice of disputes and failing to delete, correct or block the inaccurate information.

5. Plaintiff seeks an Order enjoining Defendants' injurious conduct and to recover *inter alia*, statutory damages, prejudgment and post-judgment interest, and reasonable attorneys' fees and expenses for injuries suffered as a result of Defendants' erroneous reporting of inaccurate information in Plaintiff's consumer background reports.

6. As a result of Defendants' conduct in misreporting and failing to reasonably investigate the dispute and correct inaccuracies, Plaintiff has sustained actual damages including, but not limited to: a decreased credit score; decreased credit worthiness and credit capacity; emotional and mental pain due to the anxiety and stress of the negative credit impact of the errors at issue despite taking steps to resolve it; and the dissemination of this inaccurate reporting to third party prospective creditors.

7. Plaintiff seeks to recover monetary damages for Defendants' violations of the FCRA and to have an Order issued by this Court enjoining Defendants from persisting in their violative behaviors.

**JURISDICTION AND VENUE**

8. This Court has jurisdiction over the action pursuant to §§ 301 and 302 of the New York Civil Practice Law and Rules ("*CPLR*") in that Defendants conduct business in the State of New York and have purposely availed themselves of the privilege of conducting business in the State of New York.

9. Venue is appropriate in Suffolk County pursuant to CPLR § 503(a) because Plaintiff resides within such County and a substantial part of the events and omissions giving rise to Plaintiff's claim occurred within the Court's jurisdiction.

**PARTIES**

10. Plaintiff Ronald Farrise is an adult who is a citizen of the State of New York residing in Suffolk County, New York.

11. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c) and NY FCRA § 380-a(b).

12. Defendant Citibank is a national banking association and has a principal place of business located at 701 East 60th Street North, Sioux Falls, South Dakota 57104.

13. Defendant Citibank is a "furnisher of information" (hereinafter "*Furnisher*") as that term is defined by 15 U.S.C. § 1681s-2(b).

14. Defendant TransUnion is an Illinois limited liability company which has a principal place of business located at 555 W. Adams Street, Chicago, IL 60661.

15. Defendant TransUnion is a consumer reporting agency (hereinafter "*CRA*"), as defined under 15 U.S.C. 1681a(f) and NY FCRA § 380-A(e), that regularly conducts business in this judicial district.

16. Defendant TransUnion by contractual agreement, disseminates consumer background reports for remuneration to third parties.

SUBSTANTIVE ALLEGATIONS OF FCRA

17. Congress enacted § 1681 *et seq.* of Title 15 of the United States Code, § 1681(a) of which states as follows:

> (1) The banking system is dependent upon fair **and accurate** credit reporting. ***Inaccurate credit reports directly impair the efficiency of the banking system***, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system.
>
> (2) An elaborate mechanism has been developed for investigating and evaluating the credit worthiness, credit standing, credit capacity, character, and general reputation of consumers.
>
> (3) Consumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers.
>
> (4) There is a ***need to insure that consumer reporting agencies exercise their grave responsibilities with fairness***, impartiality, and a respect for the consumer's right to privacy.

(Emphases added).

18. FCRA mandates that CRAs adhere to the following duties: (i) to assure maximum possible accuracy of information when preparing consumer reports and to set up reasonable policies procedures to maintain compliance with this minimum reporting standard; and (ii) to reinvestigate the facts and circumstances surrounding a dispute by consumers and to appropriately and timely correct any inaccuracies, including by quickly notifying the furnisher and any other parties in the distribution chain of the disputed inaccuracies.

19. CRAs compile, maintain, and report information concerning the creditworthiness, credit-standing, credit capacity, character, and general reputation of consumers, including Plaintiff. That information is then made available for use by third parties in credit transactions involving

consumers, for employment purposes, for the underwriting of insurance for consumers, and even housing.

20. Plaintiff has a legally protected interest in the Defendants fulfilling their duties under the FCRA so that the credit information being furnished and reported by them is maintained fairly, with the maximum levels of confidentiality, accuracy, and relevancy.

21. Plaintiff's injury is particularized and actual and is directly traceable to Defendants' conduct. The deprivation of Plaintiff's rights will be redressed by a favorable decision herein.

## FACTUAL ALLEGATIONS

22. Defendants are reporting inaccurate information on Plaintiff's consumer credit reports with CRA Defendant regarding a Citibank credit card ("*Citi Account*") that Plaintiff opened on December 18, 2008.

23. On a date better known by Defendants, the Citi Account became delinquent and was charged off with an outstanding balance of $7,215.

24. Plaintiff agreed to a settlement to pay off the outstanding balance for $3,678, less than the amount owed, via two consecutive payments of $1,839.46, on November 29, 2023 and December 29, 2023.

25. Plaintiff completed the settlement by making timely payments.

26. As such, Plaintiff's credit reports should reflect that the debt was settled or paid off in December 2023, but Plaintiff's Citi Account on Trans Union inaccurately exhibited "C/O", which represents "charge off" in the payment history on the months of:

    a. January 2024.
    b. February 2024.
    c. March 2024.
    d. April 2024.

27. Since Plaintiff completed the settlement agreement on December 29, 2023, these months are inaccurately reporting charge off because the account should reflect as closed or paid off in those months.

28. Even if the settlement funds took time to clear and be updated through January, the C/O remarks from February through April 2024 are still inaccurate.

29. On or about February 21, 2024, Plaintiff caused a dispute letter to be sent via certified mail to CRA Defendant and informing them of the inaccurately labeled months (the "*FCRA Dispute Letter*").

30. Based upon United States Postal Service tracking information, CRA Defendant received the FCRA Dispute Letter.

31. Upon information and belief, CRA Defendant forwarded a notice of dispute and all relevant information regarding the FCRA Dispute Letter to Furnisher Defendant, within five business days of receipt of same.

32. Upon information and belief, Furnisher Defendant received the notice of dispute and all relevant information from Defendant.

33. Following Defendants' thirty (30) day FCRA investigation period, Defendants continued to inaccurately report payment history of the account.

34. Upon information and belief, Defendants either failed to perform any investigation at all or performed an unreasonable investigation and erroneously verified the inaccurate account as accurate.

35. Had Defendants performed a reasonable investigation, the account at issue would have been modified and the charge off remarks would have been removed from January 2024 to April 2024, or the tradeline would have been deleted entirely.

36. Alternatively, and, upon information and belief, CRA Defendant failed to provide Furnisher Defendant with the notice of dispute and all relevant information.

37. Alternatively, and, upon information and belief, Furnisher Defendant provided CRA Defendant with the correct information and directives regarding the Citibank account and CRA Defendant failed to properly process or furnish this data to Plaintiff's credit report.

38. As such, Defendants failed to practice reasonable procedures to assure maximum possible accuracy.

39. As a result of Defendants' conduct in misreporting and failing to reasonably investigate the dispute and correct inaccuracies, Plaintiff has sustained actual damages including, but not limited to: a decreased credit score; decreased credit worthiness and credit capacity; wrongly inflated liabilities; emotional and mental pain due to the anxiety and stress of the negative credit impact of the errors at issue despite taking steps to resolve it; lost time and effort; and the dissemination of this inaccurate reporting to third party prospective creditors.

## FIRST COUNT
## CRA Defendant's Violations of the FCRA, 15 U.S.C. § 1681e(b).

40. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated at length herein below.

41. CRA Defendant systemically violated 15 U.S.C. § 1681e(b) by failing to adhere to, maintain and/or establish reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit reports and credit files it published and maintained concerning Plaintiff.

42. Upon receipt of Plaintiff's disputes, CRA Defendant was legally required to: (i) conduct a reasonable investigation or re-investigation into all the circumstances surrounding the dispute; and (ii) when and if appropriate, remove any inaccurate information following the performance of the reasonable investigation.

43. At a minimum, CRAs are required to mark the status of the tradeline/account as disputed on the consumer's background reports but Trans Union failed to do so.

44. Upon information and belief, CRA Defendant's conduct in the instant matter is representative of its normal policies and procedures (or lack thereof) for maintaining accurate credit reporting.

45. In violation of §§ 1681e(b) and 1681(i), CRA Defendant failed to follow reasonable procedures to assure maximum possible accuracy of the information attributable to Plaintiff, by reporting inaccurate information in Plaintiff's consumer background report.

46. Plaintiff disputed the inaccurate information and CRA Defendant knowingly or intentionally failed to perform a reasonable investigation to remove the inaccurate information.

47. Plaintiff disputed the inaccurate information and CRA Defendant recklessly failed to perform a reasonable investigation to remove the inaccurate information.

48. Alternatively, Plaintiff disputed the inaccurate information and CRA Defendant negligently failed to perform a reasonable investigation to remove the inaccurate information.

49. As a result of CRA Defendant's violations of 15 U.S.C. § 1681, Plaintiff suffered actual damages which have been further described in the above statement of facts.

50. In violation of § 1681o and § 1681n, CRA Defendant's conduct was a direct and proximate cause of Plaintiff's injury.

51. CRA Defendant is liable to Plaintiff for its negligent and willful failures to follow reasonable policies and procedures.

52. As a result of CRA Defendant's violations of 15 U.S.C. §§ 1681e(b) and 1681i, Plaintiff suffered statutory and actual damages as described herein and is entitled to recover actual damages and punitive damages, pursuant to 15 U.S.C. §§ 1681n and 1681o.

53. For the foregoing reasons, CRA Defendant violated 15 U.S.C. § 1681e(b) and is liable to Plaintiff for actual damages, statutory damages, punitive damages, costs and attorneys' fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## SECOND COUNT
### CRA Defendant's Violations of the FCRA, 15 U.S.C. § 1681i *et seq.*

54. Plaintiff repeats and realleges the foregoing paragraphs as if same were fully restated herein below.

55. CRA Defendant violated 15 U.S.C. § 1681i(a)(1) by failing to conduct reasonable reinvestigations to determine whether the disputed information was accurate and record the current status of the disputed information or delete the item from Plaintiff's credit report.

56. CRA Defendant violated 15 U.S.C. § 1681i(a)(1) by relying upon only a cursory review of basic information and deferring entirely upon Furnisher Defendant and merely parroting information received from the furnisher.

57. CRA Defendant violated 15 U.S.C. § 1681i(a)(2)(A) by failing to provide Furnisher Defendant all of the relevant information regarding Plaintiff and his dispute.

58. CRA Defendant violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiff regarding the dispute.

59. CRA Defendant violated 15 U.S.C. § 1681i(a)(5)(A) by failing to promptly delete the disputed inaccurate information from Plaintiff's credit file or correct the inaccurate information upon reinvestigation.

60. CRA Defendant never: (i) contacted Plaintiff to follow up on, verify and/or elicit more specific information about Plaintiff's dispute; (ii) contacted any third parties that would have relevant information concerning Plaintiff's dispute; (iii) forwarded any relevant information concerning Plaintiff's dispute to Furnisher Defendant; or (iv) requested or obtained any other relevant documents from Furnisher Defendant. As such, there is no evidence of a reasonable investigation being conducted.

61. As a result of CRA Defendant's violations of 15 U.S.C. § 1681, Plaintiff suffered actual damages which have been further described above in the statement of facts.

62. CRA Defendant's violations were willful because it had knowledge of the issue after receiving a detailed dispute letter and/or exhibited a reckless disregard for the information provided in that dispute, rendering CRA Defendant individually liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

63. In the alternative, CRA Defendant was negligent, which entitles Plaintiff to recovery under 15 U.S.C. § 1681o.

64. For the foregoing reasons, CRA Defendant violated 15 U.S.C. § 1681i and is liable to Plaintiff for actual damages, statutory damages, punitive damages, costs and attorneys' fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

### THIRD COUNT
**Furnisher Defendant's Violations of the FCRA, 15 U.S.C. § 1681s-2(b).**

65. Plaintiff repeats and realleges the foregoing paragraphs as if same were fully restated herein below.

66. At all times pertinent hereto, Furnisher Defendant is a "person" as that term is defined by 15 U.S.C. § 168la(b) and a "furnisher of information" to the credit reporting agencies.

67. Furnisher Defendant has a duty to provide accurate information to consumer reporting agencies, and to correct inaccurate information after receiving notice of a credit dispute directly from a consumer. *See* 15 U.S.C. § 1681s-2(a).

68. Furnisher Defendant has an obligation under 15 U.S.C. § 1681s-2(b) to investigate a dispute after receiving notice of the disputed item from a consumer reporting agency.

69. FCRA requires furnishers, after receiving notice from a credit reporting agency that a consumer disputes information that is being reported by that furnisher to conduct an investigation with respect to the disputed information, to review all relevant information, to report the results of the investigation to the credit reporting agency, and, if the investigation reveals that the information is incomplete or inaccurate, to report those results to all other credit reporting agencies to which the furnisher has provided the inaccurate information.

70. On each occasion referenced in the above statement of facts where a dispute was sent to CRA Defendant, upon information and belief, CRA Defendant provided Furnisher Defendant the notice of dispute and all relevant information regarding the disputes.

71. Upon information and belief, on each occasion referenced in the above statement of facts where a dispute was sent to CRA Defendant, Furnisher Defendant received the notice of dispute and all relevant information regarding the disputes.

72. Upon information and belief, Furnisher Defendant violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to fully, reasonably and in good faith investigate Plaintiff's disputes.

73. Furnisher Defendant failed to correct or remove the inaccurate information from the account and credit report and report those results to all other credit reporting agencies to which the furnisher has provided the inaccurate information.

74. Upon information and belief, Furnisher Defendant's conduct in the instant matter is representative of its normal policies and procedures in responding to disputes by providing only a cursory review of basic information and failing to investigate any further or failing to investigate and remediate any errors entirely.

75. Furnisher Defendant violated § 1681s-2(b) by willfully failing to fully, properly and reasonably conduct an investigation of the inaccurate information that Plaintiff disputed.

76. Furnisher Defendant violated § 1681s-2(b) by willfully failing to review all relevant information concerning Plaintiff's account as provided.

77. Furnisher Defendant violated § 1681s-2(b) by willfully failing to report the results of its investigation of the inaccurate information to all credit reporting agencies.

78. Furnisher Defendant violated § 1681s-2(b) by willfully failing to modify or delete incomplete or inaccurate information or information it cannot verify in Plaintiff's file after conducting an investigation.

79. Furnisher Defendant violated § 1681s-2(b) by willfully failing to permanently block the reporting of the inaccurate information disputed by Plaintiff and continuing to report and furnish inaccurate or incomplete information in Plaintiff's file to credit reporting agencies.

80. Furnisher Defendant violated § 1681s-2(b) by willfully failing to comply with all requirements imposed on "furnishers of information" by 15 U.S.C. § 1681s-2(b).

81. Furnisher Defendant's conduct was willful in that it had direct knowledge of the settlement agreement, was a party to that settlement, received payment for the settlement, and received FCRA dispute notice of the tradeline from the consumer reporting agencies, but continued to report the tradeline inaccurately.

82. Alternatively, Furnisher Defendant exhibited a reckless disregard and unjustifiably high risk to Plaintiff when it received the FCRA dispute and still failed to conduct a reasonable investigation and correct the credit reporting.

83. Furnisher Defendant violated § 1681s-2(b) by negligently failing to review all relevant information concerning Plaintiff's account as provided.

84. Furnisher Defendant violated § 1681s-2(b) by negligently failing to report the results of its investigation of the inaccurate information to all credit reporting agencies.

85. Furnisher Defendant violated § 1681s-2(b) by negligently failing to modify or delete incomplete or inaccurate information or information it cannot verify in Plaintiff's file after conducting an investigation.

86. Furnisher Defendant violated § 1681s-2(b) by negligently failing to permanently block the reporting of the inaccurate information disputed by Plaintiff and continuing to report and furnish inaccurate or incomplete information in Plaintiff's file to credit reporting agencies,

87. Furnisher Defendant violated § 1681s-2(b) by negligently failing to comply with all requirements imposed on "furnishers of information" by 15 U.S.C. § 1681s-2(b).

88. Further, Plaintiff suffered actual damages, further described in the above in statement of facts.

89. Furnisher Defendant is liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

90. Alternatively, Furnisher Defendant's conduct was negligent, failing to exercise reasonable care when it failed to conduct a reasonable investigation, thereby entitling Plaintiff to recover under 15 U.S.C. § 1681o.

91. For the foregoing reasons, Furnisher Defendant violated 15 U.S.C. § 1681s-2(b) and is liable to Plaintiff for actual damages, statutory damages, punitive damages, costs and attorneys' fees in an amount to be determined by the Court pursuant to § 1681n and § 1681o.

### FOURTH COUNT
### CRA Defendant's Violations of the NY FCRA § 380.

92. Plaintiff repeats and realleges the foregoing paragraphs as if same were fully restated herein below.

93. NY FCRA § 380-f(a) specifically provides that upon receipt of a consumer's dispute, a CRA promptly re-investigate and record the current status of such information and promptly notify the consumer of the result of its investigation, its decision on the status of the information and Plaintiff's rights pursuant to that section.

94. In addition, NY FCRA § 380-f(b) specifically provides that when a "consumer reporting agency finds that an item is in error or that it can no longer be verified, it shall:

(1) Promptly expunge the item and otherwise correct the file

(2) Refrain from reporting the item in subsequent consumer reports,

(3) Clearly and conspicuously disclose to the consumer his rights to make a request for notification and upon request of the consumer, promptly notify any person designated by the consumer who has received information regarding the item during the previous year that an error existed and shall furnish such person with corrected information…"

95. Here a duty to conduct a reasonable investigation was triggered by CRA Defendant upon each receipt of any FCRA Dispute Letter referenced in the above statement of facts.

96. CRA Defendant failed to conduct a reasonable investigation and failed to promptly correct the tradeline of the account at issue.

97. CRA Defendant also failed to provide Plaintiff a notice of rights pursuant to NY FCRA § 380-f(b)(3).

98. CRA Defendant's failure to adequately re-investigate these disputes despite being given the information constitutes a knowing or at a minimum a reckless disregard of their duties to Plaintiff.

99. As such, CRA Defendant's violations were willful, rendering it liable for punitive damages in an amount to be determined by the court and attorneys' fees pursuant to NY FCRA § 380-L.

100. At a minimum, CRA Defendant's conduct was negligent in that it failed to use reasonable care and diligence in its obligations to the consumer rendering them liable for actual damages and attorneys' fees pursuant to NY FCRA § 380-M.

101. As a direct result of the above violations of the NY FCRA by CRA Defendant, Plaintiff suffered damages as described in the above statement of facts.

102. As a result of the above violations of the NY FCRA, CRA Defendant are willfully and/or negligently liable to Plaintiff for actual damages, punitive damages, attorneys' fees and costs pursuant to NY FCRA §§ 380-L and 380-M.

## JURY DEMAND

103. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment be entered against Defendants, as follows:

    a    Adjudging that Defendants' actions violated the FCRA;

    b    Adjudging that CRA Defendant's actions violated the NY FCRA;

    c    Enjoining Defendants from persisting in violative behaviors and requiring Defendants to correct or otherwise delete the accounts at issue in Plaintiff's credit report;

    d    Granting Plaintiff actual damages against Defendants pursuant to 15 U.S.C. §§ 1681n(a)(1)(A) and 1681o(a);

    e    Granting Plaintiff statutory damages against Defendants pursuant to 15 U.S.C. § 1681n(a)(1)(A);

    f    Granting Plaintiff punitive damages against Defendants pursuant to 15 U.S.C. § 1681n(a)(2);

    g    Granting Plaintiff costs and reasonable attorneys' fees against the Defendants pursuant to 15 U.S.C. §§ 1681n(c) and 1681o(b);

    h    Granting Plaintiff actual damages, punitive damages, attorneys' fees and costs pursuant to NY FCRA §§ 380-L and 380-M;

    i    Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

    j    Such other and further relief as the Court determines is just and proper.

DATED:     June 11, 2024
                 Uniondale, New York

                                             **SANDERS LAW GROUP**

                                             By: */s Alain Cesar*
                                             Alain Cesar, Esq.
                                             333 Earle Ovington Boulevard, Suite 402
                                             Uniondale, New York 11553
                                             Email: acesar@sanderslaw.group
                                             Office: (516) 203-7600
                                             Direct: (516) 203-7612
                                             Fax: (516) 282-7878
                                             *Attorneys for Plaintiff*
                                             Our File No.: 129878